## Boscio et al. *v.* The Registrar of Property.

### Appeal from a decision of the Registrar of Property of San Germán.

#### No. 9.—Decided June 24, 1908.

Ganancial Property—Presumption—Testimony of One of the Spouses in Proceedings to Secure Possessory Title—Alienation Without Consent of Other Spouse.—Where a property is recorded by virtue of proceedings to secure possessory title brought by one of the spouses alone, in favor of the petitioner who is married, without the intervention of both spouses, it is presumed that the property belongs to the conjugal partnership, and that presumption cannot be destroyed by an *ex parte* statement made by the petitioning spouse, without the intervention of the other spouse, to the effect that the property was acquired by inheritance, because such a statement is not conclusive evidence as to the title of acquisition, and the property therefore cannot be alienated without the express consent of the other spouse.

The facts are stated in the opinion.

Mr. *Francisco G. Descartes* for appellant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

This is an appeal taken by Attorney Francisco G. Descartes on behalf of Juan, Clotilde, and Lorenza Boscio y Cofresi and Adrián Despres y Buldon, from a decision of the Registrar of Property of San Germán denying the admission to record of a deed of division of a rural estate of 70 *cuerdas*.

By public deed executed in Cabo Rojo before Francisco G. Descartes, an attorney and notary of Ponce, on January 9 of the current year, Juan, Clotilde and Lorenza Boscio y Cofresi and Adrián Despres y Buldon, the former married to Eugenia Despres, who did not attend the execution of the deed, as co-owners each of undivided fifth interests in a rural estate having an area of 70 *cuerdas* of land, situated in *barrio* Miradero in the municipal district of Cabo Rojo, proceeded to make the material division of said estate, there being awarded to the first three parties appearing—namely, to Juan, Clotilde and Lorenza Boscio y Cofresi—42 *cuerdas* of land of the estate described, in undivided third parts, and the remainder to make up the entire 40 should be 70 *cuerdas* to the other party, Adrián Despres y Buldon; and upon presentation of this deed in the Registry of Property of San Germán for record, the registrar denied it on the grounds set forth in the decision placed at the end of said deed, which reads as follows:

"The record of the foregoing document is denied on account of the defects that the wife of Juan B. Boscio y Cofresi, who has his interest recorded as married, by virtue of judicial proceedings to establish the fact of the possession, has taken no part in the division, and that the interest of the coowner, Adrián Despres y Buldon is not recorded, but a cautionary notice taken thereof for 120 days; and in lieu of the records applied for, two cautionary notices are entered to have effect for the period of 120 days, at folios 238 and 245, volume 18 of the municipality of Cabo Rojo, estate numbers 941 and 942, record letters B and A. San Germán, April 22, 1908. Dr. Joaquín Servera Silva, Registrar."

Attorney Francisco G. Descartes took in due time an appeal from this decision on behalf of Juan, Clotilde and Lorenza Boscio y Cofresi and Adrián Despres y Buldon, seeking

the reversal thereof and the issuance of an order to the registrar to record the deed, with the costs taxed against him.

In accordance with section 1322 of the Civil Code in force, "all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife;" and as the declarations made by one of the spouses in proceedings to establish possession, to the prejudice of the rights which the other spouse, who did not take part in such proceedings, may have in such property, cannot be considered conclusive proof of the title of acquisition of real property, as long as the certainty and effectiveness of such title be not established in an authentic manner, the provisions of said section of the Code must be observed and the property recorded by virtue of such proceedings to establish possession must be considered to belong to the conjugal partnership.

According to section 159 of said Code, "the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null except when effected with the mutual consent of both parties to the marriage," which requisite has not been complied with in the deed of division of lands the subject of this appeal in which it is set forth that Juan Boscio y Cofresi, one of the parties thereto, is married to Eugenia Despres who has not appeared in the deed as giving her consent to the division of the lands, which implies a real act of alienation.

The decision of the Registrar of Property of San Germán, placed at the foot of said deed, is affirmed and the same is ordered to be returned to the registrar together with a certified copy of this decision, for the information of the persons concerned and for other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.